UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL ALLEN                                          CIVIL ACTION NO. 22-cv-038

VERSUS                                                 JUDGE ELIZABETH E. FOOTE

ACE AMERICAN INSURANCE CO, ET AL       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Michael Allen filed suit in state court and alleged that he was injured in an auto accident caused by Lawrence Laubscher while Mr. Laubscher was driving in the course and scope of his employment with Circle K Stores, Inc. Plaintiff named as defendants Circle K, Laubscher, Travelers Indemnity Company of Connecticut, and Ace American Insurance Company.

Circle K and Ace removed the case based on an assertion of diversity jurisdiction, which places the burden on them to allege with specificity the citizenship of the parties. The notice of removal alleges in paragraph 12 that Plaintiff "resides" in Louisiana. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019). Fortunately, Plaintiff's state court petition alleges that he is "domiciled" in Bossier Parish, so his Louisiana citizenship is adequately alleged in the record.

The notice of removal properly alleges the states of incorporation and principal places of business for the corporate defendants. None of them are alleged to share

Plaintiff's Louisiana citizenship. Plaintiff's petition alleges that defendant Laubscher is domiciled in Louisiana, which on its face would destroy complete diversity of citizenship.

The removing defendants assert that Laubscher was improperly joined because there is no possibility that Plaintiff can maintain a cause of action against him. The basis for this improper joinder plea is that Laubscher died on May 19, 2021, prior to the filing of the state court petition on May 26, 2021. Defendants assert that the proper defendant in an action to enforce an obligation against a deceased is the succession representative appointed by the court, and no such representative was named in the petition.

The improper joinder doctrine is outlined in <u>Smallwood v. Illinois Central RR Co.</u>, 385 F.3d 568 (5th Cir. 2004). Even if the Plaintiff does not challenge the improper joinder plea, the court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative. <u>Gasch v. Hartford Acc & Indem. Co</u>. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiff contests the assertion that Mr. Laubscher was improperly joined, he must file a motion to remand, supported by a memorandum, by **February 5, 2022** and explain why there is a reasonable basis to predict that state law would allow Plaintiff to recover against Mr. Laubscher. If Plaintiff timely files a motion to remand, it will be noticed for briefing so that the removing defendants can respond and attempt to meet their burden on the improper joinder issue. If Plaintiff does not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiff to concede the point, Mr. Laubscher will be dismissed, and the case will proceed toward a Scheduling Order once all proper defendants have filed an answer.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of January, 2022.

Mark L. Hornsby
U.S. Magistrate Judge